# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JEFFREY COLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3974 | **DATE** | February 1, 2012 |
| **CASE TITLE** | Henry E. Sistrunk (#2011-0118036) vs. Doctor Khan | | |

**DOCKET ENTRY TEXT:**

The amended complaint [#30] is stricken pursuant to 28 U.S.C. § 1915A.

■ [**For further details see text below.**]                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a jail physician, has violated the plaintiff's constitutional rights (and potentially the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*), by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that he has been denied a wheelchair prescribed by a physician prior to his incarceration.

The plaintiff has submitted an amended complaint seeking to add Cook County Sheriff Thomas Dart and Cermak Director Avery Hart as defendants. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended pleading. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has failed to articulate a colorable federal cause of action against the new defendants.

The amended complaint fails to state a tenable cause of action against either Dart or Hart. The plaintiff has alleged no facts suggesting either defendant's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights has occurred at Dart's or Hart's direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper* **(CONTINUED)**

mjm

*v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because the plaintiff has failed to state any facts suggesting that Dart and Hart are personally involved in–or even aware of–the alleged circumstances giving rise to this action, the amended complaint is summarily dismissed. The plaintiff may proceed on his original complaint against defendant Khan only.