Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JEFFREY COLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3974 | **DATE** | 11/6/12 |
| **CASE TITLE** | Henry E. Sistrunk (#2011-0118036) vs. Doctor Khan | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to amend [#64] is denied. The plaintiff's motion for an extension of time [#66] is granted. The deadline for responding to the defendant's motion for summary judgment [#57] is extended to December 13, 2012. Any reply brief is due by December 31, 2012.

■ [**For further details see text below.**]

**Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a jail physician, violated the plaintiff's constitutional rights (and potentially the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*), by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that the defendant denied him the use of a wheelchair prescribed by a physician prior to his incarceration. This matter is before the court for ruling on pending motions.

The plaintiff's motion for leave to amend is denied. Although Fed. R. Civ. P. 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it is not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (quoting *Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993). "[District] courts have broad discretion to deny leave to amend...." *Johnson*, 641 F.3d at 872 (citations omitted); *see also Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Department of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). In the case at bar, the court finds that the proposed amendment is untimely.

The plaintiff cannot raise a new claim against new defendants at this stage of the proceedings. The subject of this lawsuit is whether the defendant physician improperly denied the plaintiff a wheelchair when he first **(CONTINUED)**

mjm

Page 1 of 2

| **STATEMENT (continued)** |
|---|

arrived at the jail. The plaintiff initiated suit in June 2011, and discovery closed in June 2012. The case has now reached the summary judgment stage. At this time, it is too late for the plaintiff to raise an entirely new claim against new defendants concerning the jail's general wheelchair accessibility. Furthermore, the proposed amendment likely violates *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), as well as Fed. R. Civ. P. 18 and 19 (distinct claims against unrelated defendants must be pursued in separate lawsuits). Therefore, the plaintiff's motion for leave to amend is denied.

However, the plaintiff's motion for an extension of time to respond to the pending motion for summary judgment is granted. The deadline for responding to the defendant's motion for summary judgment is hereby extended to December 13, 2012. Any reply brief from the defendant is due by December 31, 2012.